FILED
2016 Apr-14 PM 12:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **RUSSELL CAROTHERS and MEREDITH CAROTHERS,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 1:16-CV-00411-JEO ) |
| **BANK OF AMERICA, N.A. AND CARRINGTON MORTGAGE SERVICES LLC,** | ) ) ) ) |
| Defendants. | ) |

## REPORT OF PARTIES' PLANNING MEETING

On April 8, 2016, the following persons participated in a Rule 26(f) conference by telephone and thereafter consulted regarding this report:

- Kenneth Lay for the Plaintiffs
- R. Aaron Chastain for the Defendants

Brief synopsis of the case:

Plaintiffs assert the following claims against the Defendants: negligence, wantonness, unjust enrichment, wrongful foreclosure, slander of title, breach of contract, fraud, false light, defamation, violations of the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), the Fair Credit Reporting Act (FCRA), the Fair Debt Collection Practices Act (FDCPA), the Telephone Consumer Protection Act (TCPA), and declaratory relief. Plaintiffs' claims stem from the alleged improper handling and application of their payments regarding their mortgage loan during the pendency and after the discharge from Chapter 13 bankruptcy. The

Defendants deny all material allegations of wrongdoing and dispute that Plaintiffs are entitled to the requested relief.

2. <u>Initial Disclosures</u>. The parties will exchange initial disclosures by **May 13, 2016**.

3. <u>Discovery Plan</u>. The parties propose the following discovery plan:

(a) Discovery will be needed on these subjects:

(1) Plaintiffs' claims and Defendants' defenses.

(2) The facts and circumstances surrounding Defendants' affirmative defenses and documents relating thereto.

(3) Plaintiffs' alleged damages.

(4) Any expert testimony identified by any party.

(5) Disclosure of discovery of electronically stored information should be produced in searchable PDF format. The parties will meet and confer to attempt to reach an agreement of the format of production for any documents that cannot be converted to PDF format.

(6) Claims of privilege or of protection as trial-preparation material asserted after production should be handled as provided by the Federal Rules of Civil Procedure.

(b) All discovery shall be commenced in time to be completed by **April 14, 2017**.

(c) Each party may serve on any other party no more than forty (40) interrogatories. (Responses due 30 days after service).

(d) Each party may serve on any other party no more than thirty (30) requests for admission. (Responses due 30 days after service).

(e) Each party may serve on any other party no more than forty (40) requests for production. (Responses due 30 days after service).

    (f)    A maximum of five (5) depositions by Plaintiffs and five (5) depositions by Defendants (not to include expert witness depositions), excluding depositions upon written questions.

    (g)    Except upon agreement of the parties or ordered by the court, depositions will be limited in duration to one (1) day of seven (7) hours

    (h)    Reports from retained experts under Rule 26(a)(2) shall be due:

        (1)    From the Plaintiffs by **October 14, 2016**;

        (2)    From the Defendants by **November 18, 2016**;

    (i)    Supplementations under Rule 26(e) shall be due on **February 28, 2017.**

4.    <u>Other Items</u>:

    (a)    The parties do not request a conference with the court before entry of the scheduling order.

    (b)    The parties request a pre-trial conference on or about **June 26, 2017**.

    (c)    Plaintiffs should be allowed until **August 15, 2016** to join additional parties and amend the pleadings.

    (d)    Defendants should be allowed until **September 15, 2016** to join additional parties and amend the pleadings.

    (e)    All potentially dispositive motions should be filed by **May 15, 2017**.

    (f)    The parties have discussed the possibility of a prompt resolution. Counsel for the parties will continue these discussions as the case progresses.

    (g)    In order to fully explore a possible settlement, the parties request that they be allowed to choose a mediator and conduct mediation on or before **January 20, 2017**.

(h)     Witness and Exhibit lists under Rule 26(a)(3) shall be due **30 days** prior to trial.

(i)     The parties will have **14 days** after receipt of Witness and Exhibit Lists to list objections under Rule 26(a)(3).

(j)     The case should be ready for trial by **July 2017** and should take approximately two (2) days to try.

DATED this the 14th day of April, 2016

        Respectfully submitted,

        **s/ R. Aaron Chastain**
        Graham W. Gerhardt (GER014)
        R. Aaron Chastain (CHA098)
        BRADLEY ARANT BOULT CUMMINGS LLP
        One Federal Place
        1819 Fifth Avenue North
        Birmingham, Alabama 35203
        (205) 521-8000
        ggerhardt@babc.com
        achastain@babc.com

        ATTORNEYS FOR DEFENDANTS


        **s/ Kenneth J. Lay**
        Kenneth J. Lay
        HOOD & LAY, L.L.C.
        1117 22nd Avenue South, Suite 101
        Birmingham, AL 35205
        (205) 323-4123
        kenneth.j.lay@gmail.com

        ATTORNEY FOR PLAINTIFFS